(109 App. Div. 60.)

BURRILL v. FLITNER et al.

(Supreme Court, Appellate Division, First Department.  November 24, 1905.)

MORTGAGES—FORECLOSURE—SALE—SETTING ASIDE—EXPENSES OF PURCHASER.

    An order setting aside a mortgage foreclosure sale, and ordering resale
because of a misunderstanding between the parties, by which the mort-
gagor understood the sale was to be adjourned, should not have re-
quired the mortgagee to share with the mortgagor the expense incurred
by the purchaser in regard to the first sale; it appearing that the mort-
gagee was not in fault.

    McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Proceedings to foreclose a mortgage by Drayton Burrill, as trustee,
against William H. Flitner and others.  From the portion of an order
for resale, requiring the plaintiff to share the expense, he appeals.  Or-
der modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

Charles C. Marshall, for appellant.

George H. Vandewalker, for respondent Flitner.

Frederick H. Van Houten, for respondent St. Matthew's Roman
Catholic Church.

PATTERSON, J.  In an action for the foreclosure of a mortgage,
a sale was had under judgment, and the premises were bid in by one
Patrick J. Heaney, who assigned his bid to St. Matthew's Roman
Catholic Church.  That corporation was ready to complete the purchase
in good faith, and expended money in searching the title and in the
payment of auctioneer's and other fees.  After the sale, the defendant
William H. Flitner, mortgagor, made an application to the Supreme
Court for a resale, setting forth, in effect, that partial payments had
been made to the plaintiff's attorney on account of the judgment, in
consideration of which there was an understanding, not, however,
reduced to writing, that the sale should be adjourned, and that the no-
tice of sale and advertisement of sale should be ineffecutal.  There is
a marked conflict in the affidavits presented on the motion as to the
details of certain negotiations between Mr. Flitner's attorney and the
defendant's attorney.  It undoubtedly is true that Mr. Flitner's attorney
understood that a sale would not be made on the advertised day, but it
is equally apparent that the attorney for the plaintiff had no such under-
standing.  Under the circumstances, the court below saw fit to order a
resale of the premises, and in the order directed that the motion to
vacate and set aside the sale be granted, and a resale of the premises
be had, provided that within a certain number of days from the entry
of the order William H. Flitner should deliver to the plaintiff a good
and sufficient bond to indemnify him against any deficiency; and it was
also ordered that the purchaser, the St. Matthew's Roman Catholic
Church, be allowed the sum of $323, to cover the expenses of the ex-
amination of the title, and the further sum of $17 paid to the auctioneer
upon the former sale of the premises, and the further sum of $44,
interest upon the deposit paid by the purchaser to the referee on the

former sale—"all of which sums shall be payable as prior liens in the first instance out of the proceeds realized at any resale of the property, and to be apportioned between and charged against the plaintiff and defendant Flitner equally." The plaintiff appeals from so much of the order as provides for the apportionment between him and the defendant Flitner of the amount to be paid to the purchaser at the sale.

We see no reason why the plaintiff should be charged with any portion of this expense. He is not convicted of fault, nor has his attorney done anything which calls for the imposition of costs in any form against the plaintiff. The court below in the exercise of its discretion has seen proper to confer a favor upon the defendant Flitner, and in doing so it has very properly protected the rights of the purchaser by compelling payment of the outlay it has made in the transaction; but we are not able to perceive any reason why this favor, extended to the defendant Flitner, should be at the cost or expense of the plaintiff, who has done nothing wrong, and has not misled Mr. Flitner, who is relieved from a situation which resulted altogether from an unfortunate misunderstanding upon the part of his attorney, who in his correspondence with the attorney for the plaintiff acquits that gentleman of any intention to do wrong.

The order should be modified by striking therefrom the provision relating to the apportionment of the expenses of the purchaser, and requiring defendant to pay the same, and, as modified, the order will be affirmed, with $10 costs and disbursements to the appellant.

O'BRIEN, P. J., and INGRAHAM and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). The defendant's attorney claimed that he had an understanding with the plaintiff's attorney that sale of the property covered by the mortgage would not be made on the advertised day. This was denied by plaintiff's attorney. The learned justice at Special Term reached the conclusion, as is evidenced by the order appealed from (otherwise it would not have been made), that an agreement to this effect had been made by the attorneys for the respective parties, and for that reason ordered a resale, and directed that the expenses incurred by reason of the first sale should be first paid out of the proceeds of the property when sold. It was for the learned justice to determine upon what terms a resale should be had, and, he having determined this fact upon the papers presented, his discretion ought not to be interfered with. Aside from this, I think the terms imposed eminently fair. I therefore vote to affirm the order, with $10 costs and disbursements.